Hearing Date: March 4, 2010
Hearing Time: 10:30 a.m.
Location: 219 S. Dearborn St., Courtroom 742
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| BAJRAKTAREVIC, NASIH | § | Case No. 09-13689 |
| BAJRAKTAREVIC, HASIMA | § | |
| | § | Hon. Carol A. Doyle |
| Debtors | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter     of the United States Bankruptcy Code on      . The undersigned trustee was appointed on              .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $

    Funds were disbursed in the following amounts:

    Administrative expenses
    Payments to creditors
    Non-estate funds paid to 3rd Parties
    Payments to the debtor

    Leaving a balance on hand of[1]      $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

      6.  The deadline for filing claims in this case was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joseph A. Baldi, Trustee_____
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 09-13689 CAD Judge: Carol A. Doyle | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | BAJRAKTAREVIC, NASIH | Date Filed (f) or Converted (c): | 04/17/09 (f) |
| | BAJRAKTAREVIC, HASIMA | 341(a) Meeting Date: | 06/04/09 |
| For Period Ending: | 01/04/10 | Claims Bar Date: | 10/19/09 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Real Property - Debtors' Residence<br>4936 W. School St.<br>Unit 1<br>Chicago, IL. 60641 | 250,000.00 | 0.00 | | 0.00 | FA |
| 2. Furniture - Household Goods | 3,500.00 | 0.00 | | 0.00 | FA |
| 3. Wearing Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. VEHICLES<br>Nissan X-Terra | 9,000.00 | 0.00 | | 0.00 | FA |
| 5. VEHICLES<br>Dodge Van | 500.00 | 0.00 | | 0.00 | FA |
| 6. VEHICLES - Benz<br>'03 Mercedes ML350 | 10,000.00 | 8,000.00 | | 8,000.00 | FA |
| 7. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.89 | Unknown |
| 8. CASH | 201.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)     $274,201.00     $8,000.00     $8,000.89     $0.00

(Total Dollar Amount in Column 6)

___

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Employed attorneys; sold car; bar date expires 10/19/09; will review claims and prepare TFR

Initial Projected Date of Final Report (TFR): / /     Current Projected Date of Final Report (TFR): / /

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: | 09-13689 -CAD |
| Case Name: | BAJRAKTAREVIC, NASIH |
| | BAJRAKTAREVIC, HASIMA |
| Taxpayer ID No: | *******5148 |
| For Period Ending: | 01/04/10 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi, Trustee |
| Bank Name: | Bank of America, N.A. |
| Account Number / CD #: | *******6176  Money Market Account (Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 07/16/09 | 6 | HASIH BAJRAKTAREVIC | Automobile  Sold back to Debtor | 1129-000 | 5,000.00 | | 5,000.00 |
| | | 4936 W. School St., Apt 1 | | | | | |
| | | Chicago, IL 60641 | | | | | |
| 07/31/09 | 7 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.04 | | 5,000.04 |
| 08/25/09 | 6 | HASIH BAJRAKTAREVIC | Automobile  Sold back to Debtor - | 1129-000 | 1,000.00 | | 6,000.04 |
| | | 4936 W. School St., Apt 1 | | | | | |
| | | Chicago, IL 60641 | | | | | |
| 08/31/09 | 7 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.13 | | 6,000.17 |
| 09/30/09 | 7 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.15 | | 6,000.32 |
| 10/13/09 | 6 | HASIH BAJRAKTAREVIC | Automobile  Sold back to Debtor - | 1129-000 | 1,000.00 | | 7,000.32 |
| | | 4936 W. School St., Apt 1 | | | | | |
| | | Chicago, IL 60641 | | | | | |
| 10/13/09 | 6 | HASIH BAJRAKTAREVIC | Automobile  Sold back to Debtor - | 1129-000 | 1,000.00 | | 8,000.32 |
| | | 4936 W. School St., Apt 1 | | | | | |
| | | Chicago, IL 60641 | | | | | |
| 10/30/09 | 7 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.17 | | 8,000.49 |
| 11/30/09 | 7 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.20 | | 8,000.69 |
| 12/31/09 | 7 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.20 | | 8,000.89 |

| Account *******6176 | | | | | |
|---|---|---|---|---|---|
| | Balance Forward | 0.00 | | | |
| 4 Deposits | 8,000.00 | 0 Checks | 0.00 | | |
| 6 Interest Postings | 0.89 | 0 Adjustments Out | 0.00 | | |
| | | 0 Transfers Out | 0.00 | | |
| Subtotal | $ 8,000.89 | | | | |
| | | Total | $ 0.00 | | |
| 0 Adjustments In | 0.00 | | | | |
| 0 Transfers In | 0.00 | | | | |
| Total | $ 8,000.89 | | | | |

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

| Case Number: | 09-13689 | | Page 1 | | Date: January 04, 2010 |
| Debtor Name: | BAJRAKTAREVIC, NASIH | | Claim Class, Priority Sequence | | |

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2100-00 | JOSEPH A BALDI<br>JOSEPH BALDI & ASSOCIATES<br>19 S LASALLE STREET SUITE 1500<br>CHICAGO, IL  60603 | Administrative | | $1,550.09 | $0.00 | $1,550.09 |
| 001 3110-00 | Joseph A. Baldi & Associates, P.C.<br>19 S. LaSalle St.  #1500<br>Chicago  IL  60603 | Administrative | | $1,310.50 | $0.00 | $1,310.50 |
| | Subtotal for Class Administrative | | | $2,860.59 | $0.00 | $2,860.59 |
| 000001 070 7100-00 | PYOD LLC its successors and assigns<br>as assignee of Citibank<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $2,793.27 | $0.00 | $2,793.27 |
| 000002 070 7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $11,250.09 | $0.00 | $11,250.09 |
| 000003 070 7100-00 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $10,904.84 | $0.00 | $10,904.84 |
| 000004 070 7100-00 | FIA CARD SERVICES, NA/BANK OF AMERICA<br>BY AMERICAN INFOSOURCE LP AS ITS AGENT<br>PO Box 248809<br>Oklahoma City, OK 73124-8809 | Unsecured | | $10,804.09 | $0.00 | $10,804.09 |
| | Subtotal for Class Unsecured | | | $35,752.29 | $0.00 | $35,752.29 |
| | Case Totals: | | | $38,612.88 | $0.00 | $38,612.88 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 09-13689
Case Name: BAJRAKTAREVIC, NASIH
  BAJRAKTAREVIC, HASIMA
Trustee Name: Joseph A. Baldi, Trustee

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: Joseph A. Baldi, Trustee | $_____ | $_____ |
| Attorney for trustee: Joseph A. Baldi & Associates, P.C. | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor:* | $ | $ |
| *Attorney for:* | $ | $ |
| *Accountant for:* | $ | $ |
| *Appraiser for:* | $ | $ |
| *Other:* | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *PYOD, successors & assigns to Citibank* | $ | $ |
| *000002* | *Chase Bank USA, N.A.* | $ | $ |

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000003* | *Chase Bank USA, N.A.* | $_____ | $_____ |
| *000004* | *FIA CARD SERVICES, NA/BANK OF AMERICA* | $_____ | $_____ |

Tardily filed claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $_____ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

       The amount of surplus returned to the debtor after payment of all claims and interest is $    .